Opinion of the Court.

CHARLES H. WHITE & HILL v. E. S. FLETCHER ET AL.

Voluntary Conveyances—Subsequent Debt.
 A voluntary conveyance, without consideration, cannot be avoided
 on that account alone, by creditors whose debt occurred subsequent to
 the execution of the deed.

Same—Balance of Purchase Price, Unpaid, Subject to Debts.
 The residue of the unpaid purchase price due under a voluntary con-
 veyance is subject to execution by creditors, whose debts accrrued
 subsequent thereto.

Recitals in Deed not Evidence Against Stranger—Good Between Parties.
 The recitals in a deed are not evidence against a stranger, athough
 they are as between the parties to the instrument.

Deeds—True Consideration—Burden of Proof.
 The burden of proof is on the parties to a voluntary conveyance, to
 show that a stated consideration, admitted by them to be erroneous,
 is not valid and nothing is owing thereon.

APPEAL FROM BOYD CIRCUIT COURT.

September 22, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The recited consideration in the deed from Fletcher to Wood, is
Three Thousand dollars, acknowledged to have been paid down,
but they both admit in their answers that all the purchase price
was not paid, and allege that the true consideration for the con-
veyance was Two, and not Three Thousand dollars, and of that
only $1,251.90, the amount of Fletcher's indebtedness to Wood,
were paid down.

If the conveyance had been volutary, and without consideration,
appellants could not *on that account alone have avoided* the deed,
because their debts were contracted subsequent to its execution,
but as the parties to it admit, that it was made for a valuable con-
sideration, and the deed recites the consideration, the creditors of
Fletcher may reach whatever of the price remains unpaid, and ap-
propriate it to the satisfaction of their debts.

The true character of the transaction is not stated in the deed as is admitted; instead of the whole of the purchase money having been paid down at the time, only a part was paid, and instead of the price being $3,000, they say it was only two, and they take no proof to show that anything was owing by Fletcher to Wood, not even a note is alleged to have been taken, none exhibited for the residue of the alleged price, after deducting what they say Fletcher owed Wood at the time.

If the price expressed in the deed, was not the true price to be paid for the land, Wood & Fletcher should have proved it, and they should have proved that the Two Thousand dollars were paid; they held the affirmative of both these issues which they make themselves, and the *onus* was on them. The recitals in the deed, as has been too often held by this court to require citations of authority, are not evidence against a Stranger, although they are as between the parties, nor can the answer of one defendant be read or taken as evidence for his co-defendant. As then Wood failed to prove the purchase money was paid, it was a fund which Fletcher's creditors whether prior, or subsequent could reach and apply to the satisfaction of their debts, in his hands.

Wherefore, the judgment is *reversed,* and the cause remanded with directions to render judgment in favor of appellants for their debts, and to subject the house and lot in the pleadings described to the payment thereof, postponing Wood's claim, and for further proceedings consistent herewith.

Affirmed on cross-appeal.

*Ireland,* for appellant.

*Dulin,* for appellee.